1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile: 510/832-4787

5  Attorneys for Plaintiff
   SEBASTIAN DeFRANCESCO
6

7  JONATHAN S. KITCHEN (SBN 80270)
   ALI P. HAMIDI (SBN 191198)
8  COX, CASTLE & NICHOLSON LLP
   555 California St., 10th Floor
9  San Francisco, CA 94104-1513
   Telephone: 415/392-4200
10 Facsimile: 415/392-4250

11 Attorneys for Defendants
   SRI OLD TOWN, LLC and
12 FEDERAL REALTY INVESTMENT TRUST

13
   MARK F. HAZELWOOD (SBN 136521)
14 LAURA S. FLYNN (SBN 148511)
   LOW, BALL & LYNCH
15 505 Montgomery St., 7th Floor
   San Francisco, CA 94111-2584
16 Telephone: 415/981-6630
   Facsimile: 415/982-1634
17
   Attorneys for Defendant
18 TOWN OF LOS GATOS

19
                    IN THE UNITED STATES DISTRICT COURT
20
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
21

22 | SEBASTIAN DEFRANCESCO,              | CASE NO. C09-2123 JL
   |                                     | <u>Civil Rights</u>
23 |     Plaintiff,                      |
   |                                     |
24 | v.                                  | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
   |                                     |
25 | SRI OLD TOWN, LLC; FEDERAL          |
   | REALTY INVESTMENT TRUST;            | Date: May 12, 2010
26 | TOWN OF LOS GATOS; and DOES         |
   | 1-10, Inclusive,                    |
27 |                                     |
   |     Defendants.                     |
28 | _____ /

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

JOINT CMC STATEMENT
CASE NO. C09-2123 JL

S:\CASES\L\LOS GATOS\PLEADINGS\Joint Case Management Conference Statement (final).wpd

The parties submit this joint Case Management Conference, along with a request that the Conference be continued until after mediation under General Order 56 is complete:

**1.    Jurisdiction and Service:**

The Court has jurisdiction over the federal claims pursuant for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*..  to 28 U.S.C. § 1331 It has pendant jurisdiction over the state claims. 28 U.S.C. § 1367. All named parties have been served.  There is a possibility defendants may need to add another party, as explained in further detail below.

**2.    Facts:**

   a.    **Plaintiff's Factual Allegations**

Plaintiff Sebastian DeFrancesco is a physically disabled person, a quadriplegic who drives a hand-controlled van.  His Complaint alleges that he drove to the Los Gatos Town Parking Lot 5 on August 28, 2008, in order to visit Steamer's Grillhouse a restaurant, located at 50 University Avenue adjacent to the parking lot.  He alleges there were no actually accessible parking places, though certain spaces were designated accessible.   He did manage to park and using sidewalks and walkways, proceeded downhill, despite a steep slope, and eventually reached and patronized the restaurant.

After eating, plaintiff left the restaurant and attempted to use the wheelchair lift adjacent to the rear of the restaurant to ascend to the level of Parking Lot 5, because he could not climb the 12 stairs next to the lift to reach the parking lot directly.  He entered and activated the lift and proceeded upward, but the lift became stuck near the top level, and plaintiff found that he could not get out of the lift.  He tried three or four times to get it to work but did not succeed, and he could not exit the lift.  He was trapped in the lift for

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

JOINT CMC STATEMENT
CASE NO. C09-2123 JL                   -2-      S:\CASES\L\LOS GATOS\PLEADINGS\Joint Case Management Conference Statement (final).wpd

approximately fifteen minutes until friends found him and rescued him: His friends had to lift plaintiff bodily out of his wheelchair, then lift the wheelchair out of the lift, and place plaintiff back in his wheelchair. As a result of the malfunctioning lift, plaintiff suffered physical, mental and emotional damages, and has been deterred from returning. Plaintiff further alleges that, instead of promptly repairing the lift defendants locked it off and/or allowed it to be locked off to use for all disabled persons for more than eight months.

Defendants SRI OLD TOWN, LLC; FEDERAL REALTY INVESTMENT TRUST; and DOES 1-5 are the owners, operators, lessors, and lessees of the businesses, properties, facilities and/or portions thereof comprising the Old Town Center shopping center located at University Ave. and Elm St. in the Town of Los Gatos, and of the access lift between these properties and the upper level of Parking Lot No. 5. The TOWN OF LOS GATOS and DOES 5-10 are the owners, operators, lessors, and lessees of the properties, facilities and/or portions thereof comprising Parking Lot No. 5.

b. **Defendants' Factual Issues**

(1) Was Plaintiff injured as a result of the incident?

(2) What are the extent of Plaintiff's injuries?

(3) Did plaintiff receive any medical treatment?

(4) Did Plaintiff incur any costs associated with any medical treatment he may have received?

(5) Was Plaintiff denied equal benefits of the Defendants' services by reason of his disability?

(6) Did the Defendants have notice that an accommodation was required?

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

JOINT CMC STATEMENT
CASE NO. C09-2123 JL   -3-   S:\CASES\L\LOS GATOS\PLEADINGS\Joint Case Management Conference Statement (final).wpd

3. **Legal Issues:**

   a. **Plaintiff's Position:**

Defendants are liable for their failure to provide accessible parking under the Americans with Disabilities Act (ADA). Defendant City of Los Gatos is liable under Title II for failure to provide equal access to its programs, services and activities comprising the parking lot, path of travel, and lift at issue. 42 U.S.C. §12132. Defendants SRI Old Town and Federal Realty Investment Trust are liable under Title III for failure to provide full and equal access to their public accommodations. 42 U.S.C. § 12182. The private defendants are liable for any new construction or for alterations since 1992 which triggered the obligation to make the path of travel accessible, and regardless of any such construction or alteration, for any alterations which have been readily achievable. Plaintiff is informed and believed the facilities at issue here were constructed in 1999.

Removal of the architectural barriers complained of is also required under California law. Any alterations, structural repairs or additions since July 1, 1982, were required to comply with CCR Title 24. The City is liable for failure to meet those standards under Government Code section 4450. The private defendants are liable under Health & Safety Code sections 19955 *et seq.* Furthermore, each violation of the ADA also constitutes a separate violation of California Civil Code sections 54( c) and 54.1(d), independently justifying injunctive relief and damages pursuant to California law. As to maintaining the lift in operable order, since 1994 the California Building Code has required public accommodations to "maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities." § 1101B.3.

   b. **Defendants' Legal Issues**

      (1) Did the Defendants violate title II of the ADA?

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

JOINT CMC STATEMENT
CASE NO. C09-2123 JL

– 4 –   S:\CASES\L\LOS GATOS\PLEADINGS\Joint Case Management Conference Statement (final).wpd

(2) Is plaintiff entitled to injunctive relief?

(3) Does Plaintiff have standing to assert his claims?

(4) Did the Defendants show deliberate indifference to Plaintiff?

(5) Has Plaintiff produced evidence to establish a violation of Civil Code sections 51 and 52 (Unruh Act)?

**4.     Motions/ADR:**

This case has been assigned to the ADR Department under General Order 56. The parties have been working cooperatively and are motivated to resolve the case at mediation. Mediation is set for May 14, 2010, two days after the Case Management Conference in this case . The parties jointly request the Court continue the Case Management Conference for at least two months to allow the parties to use the mediation process to best advantage.

**5.     Amendment of Pleadings**:

It appears that remediating the facilities to create the most appropriate, direct path of travel would include a sidewalk owned and controlled by another private entity not a party to this case. Plaintiff does not have standing to sue that entity because he did not encounter that sidewalk. Plaintiff has suggested that defendant City of Los Gatos bring that entity into the suit.

Dated: May 5, 2009                    LAW OFFICES OF PAUL L. REIN

                                      /s/ Celia McGuinness
                                      By CELIA McGUINNESS
                                      Attorneys for Plaintiff
                                      SEBASTIAN DEFRANCESCO

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

JOINT CMC STATEMENT
CASE NO. C09-2123 JL                    -5-      S:\CASES\L\LOS GATOS\PLEADINGS\Joint Case Management Conference Statement (final).wpd

| | | |
|---|---|---|
| 1 | Dated: May 5, 2010 | COX, CASTLE & NICHOLSON LLP |
| 2 | | JONATHAN S. KITCHEN |
| | | ALI P. HAMIDI |

 /s/ Ali Hamidi
Attorneys for Defendants
SRI OLD TOWN, LLC and
FEDERAL REALTY INVESTMENT TRUST

Dated: January 14, 2010             LOW, BALL & LYNCH

 /s/ Mark Hazelwood
MARK F. HAZELWOOD
Attorneys for Defendants
TOWN OF LOS GATOS

The Case Management Conference is continued to July 14, 2010 at 10:30 a.m.

May 11, 2010

IT IS SO ORDERED

Judge James Larson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

JOINT CMC STATEMENT
CASE NO. C09-2123 JL                    -6-    S:\CASES\L\LOS GATOS\PLEADINGS\Joint Case Management Conference Statement (final).wpd